[Cite as *State v. Mercier* , 2014-Ohio-2910.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,           :             No. 13AP-906
                                                             (C.P.C. No. 12CR-5476)
v.                                                :

Kari A. Mercier,                              :             (REGULAR CALENDAR)

      Defendant-Appellant.         :

D E C I S I O N

Rendered on June 30, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Michael P. Walton*, for appellee.

*Yeura R. Venters*, Public Defender, and *Timothy E. Pierce*, for appellant.

APPEAL from Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1}  Defendant-appellant, Kari A. Mercier, appeals from a judgment of the Franklin County Court of Common Pleas sentencing appellant to 54 months incarceration for a violation of R.C. 4511.19.  We affirm.

I.  Facts and Procedural History

{¶ 2}  On October 24, 2012, a Franklin County Grand Jury indicted appellant for two counts of operating a motor vehicle while under the influence of alcohol or drugs ("OVI") under R.C. 4511.19.  Appellant was previously convicted of OVI in May 2011, and, therefore, the counts charged in this case were both third-degree felonies.  Appellant entered a guilty plea to Count 1 of the indictment, a violation of R.C. 4511.19(A)(1)(a), and

the state dismissed Count 2. The trial court sentenced appellant to 54 months incarceration pursuant to R.C. 4511.19(G)(1)(e).

## II. Assignment of Error

{¶ 3} Appellant assigns the following assignment of error for our review:

> [1.] The trial court imposed a felony-three OVI sentence that was contrary to law when it ordered Appellant to serve a 54 month period of incarceration when the General Assembly limited the maximum sentence to 36 months duration.

## III. Standard of Review

{¶ 4} Generally, we review felony sentences to determine " 'whether clear and convincing evidence establishes that a felony sentence is contrary to law.' " *State v. Ayers*, 10th Dist. No. 13AP-371, 2014-Ohio-276, ¶ 8, quoting *State v. Allen*, 10th Dist. No. 10AP-487, 2011-Ohio-1757, ¶ 19. " 'A sentence is contrary to law when the trial court failed to apply the appropriate statutory guidelines.' " *Id.*, quoting *Allen* at ¶ 19, citing *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19.

## IV. Discussion

{¶ 5} Appellant argues the maximum allowable sentence for a third-degree felony OVI conviction should be three years incarceration pursuant to R.C. 2929.14(A)(3)(b). The state of Ohio, plaintiff-appellee, argues a court is authorized to sentence an offender convicted of a third-degree felony OVI under R.C. 4511.19 to a maximum of five years incarceration. We agree with the state.

{¶ 6} As a preliminary matter, appellant argues that the trial court improperly applied R.C. 2929.14(A)(3)(a) when the trial court sentenced the appellant to 54 months incarceration. (Appellant's Brief, 4-5.) R.C. 2929.14 provides, in pertinent part:

> (A) * * * [I]f the court imposing a sentence upon an offender for a felony *elects or is required to impose* a prison term on the offender *pursuant to this chapter*, the court shall impose a definite prison term that shall be one of the following:
>
> * * *
>
> (3)(a) For a felony of the third degree that is a violation of section 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 of the Revised Code or that is a violation of

> section 2911.02 or 2911.12 of the Revised Code if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of section 2911.01, 2911.02, 2911.11, or 2911.12 of the Revised Code, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.
>
> (b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.

(Emphasis added.)

{¶ 7} As appellant correctly recognizes, R.C. 2929.14(A)(3)(a) does not apply because appellant was convicted of a third-degree felony in violation of R.C. 4511.19(A)(1)(a), which is not specifically referenced in R.C. 2929.14(A)(3)(a). However, appellant concludes that, because R.C. 2929.14(A)(3)(a) does not apply, appellant should be sentenced under R.C. 2929.14(A)(3)(b), which allows a maximum prison term of 36 months. We disagree.

{¶ 8} Appellant was convicted under R.C. 4511.19(A) which provides:

> (1) No person shall operate any vehicle, streetcar, or trackless trolley within this state, if, at the time of the operation, any of the following apply:
>
> (a) The person is under the influence of alcohol, a drug of abuse, or a combination of them.

The sentencing provision for violating R.C. 4511.19(A)(1)(a) is 4511.19(G)(1), which provides in part:

> Whoever violates any provision of divisions (A)(1)(a) to (i) * * * is guilty of operating a vehicle under the influence of alcohol * * *. *The court shall sentence the offender for either offense under Chapter 2929. of the Revised Code, except as otherwise authorized or required by divisions (G)(1)(a) to (e) of this section.*

(Emphasis added.) Under the plain and unambiguous language of R.C. 4511.19(G)(1), the sentencing provisions in R.C. 4511.19(G)(1)(e) controls here rather than any provision in R.C. Chapter 2929.

{¶ 9}   R.C. 4511.19(G)(1)(e)(i) specifically authorizes a mandatory prison term of 60 days under R.C. 2929.13 and an additional prison term, the cumulative total of which is not to exceed five years.  R.C. 4511.19(G)(1) provides, in part:

> (e) An offender who previously has been convicted of or pleaded guilty to a violation of division (A) of this section that was a felony * * * is guilty of a felony of the third degree. *The court shall sentence the offender to all of the following*:
>
> (i) If the offender is being sentenced for a violation of division (A)(1)(a) * * * of this section, * * * a mandatory prison term of sixty consecutive days in accordance with division (G)(2) of section 2929.13 of the Revised Code * * *. *The court may impose a prison term in addition to the mandatory prison term. The cumulative total of a sixty-day mandatory prison term and the additional prison term for the offense shall not exceed five years.*

 (Emphasis added.)

{¶ 10} When the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation. *State v. Kreischer,* 109 Ohio St.3d 391, 2006-Ohio-2706, ¶ 12.   A court should only interpret a statute when an ambiguity exists.  *State ex rel. Celebrezze v. Allen Cty. Bd. of Commrs.*, 32 Ohio St.3d 24, 27-28 (1987).

{¶ 11} Based on the plain and unambiguous language of R.C. 4511.19(G)(1) and (G)(1)(e)(i), R.C. 2929.14(A)(3)(b) does not apply and the trial court was authorized to sentence appellant to 54 months.

{¶ 12} We recognize four of Ohio's appellate courts have addressed the interplay between similar statutes and have come to inconsistent conclusions.   The Eleventh District first addressed the issue in *State v. Owen*, 11th Dist. No. 2012-L-102, 2013-Ohio-2824.   In *Owen*, the court was asked to determine whether R.C. 2929.14(A)(3) or 4511.19(G)(1)(e)(ii) applied for sentencing an offender charged with one count of OVI, in violation of R.C. 4511.19(A)(2).  The court found the two statutes were in conflict. Because the court found both statutes to be specific under R.C. 1.51, the court turned to R.C. 1.52(A), which provides when there are two irreconcilable statutes "the statute latest in date of enactment prevails." *Id.* at ¶ 28.  Because R.C. 2929.14 was enacted later in

time, the trial court held that a third-degree felony OVI sentence could not exceed 36 months. *Id.* at ¶ 29.

{¶ 13} The Second District reviewed the statutes at issue here and agreed with the *Owens* court that the two statutes "present an irreconcilable conflict and that the recent changes and more lenient provisions in R.C. Chapter 2929 must prevail." *State v. May*, 2d Dist. No. 25359, 2014-Ohio-1542, ¶ 29.

{¶ 14} We agree with the courts in *Owen* and *May* to the extent we find the statutes are not ambiguous and the language plain and definite. However, we disagree the statutes are in conflict. The *Owen* decision, on which the *May* court relied, ultimately concluded that both statutes were specific in nature and the latter in time, R.C. 2929.14, controlled. However, unlike *Owen*, we do not find it necessary to rely on an analysis of specific versus general statutes to resolve the issue. As discussed above, R.C. 4511.19(G)(1) explicitly allows for a court to sentence a defendant for violations of R.C. 4511.19(A)(1)(a) to the exclusion of R.C. Chapter 2929. Neither the *Owen* court nor the *May* court addressed the specific language in R.C. 4511.19(G)(1) that we rely on here.

{¶ 15} Two additional courts addressed similar statutes but are factually distinguishable. The Twelfth District addressed the issue in *State v. Sturgill*, 12th Dist. No. CA2013-01-002, 2013-Ohio-4648. The court in *Sturgill* concluded the two sentencing statutes were not in conflict and could be read together in a case where the defendant had been convicted of a R.C. 2941.1413 specification. *Id.* at ¶ 40.

{¶ 16} Similarly, the Ninth District addressed this issue where a defendant was indicted under R.C. 4511.19(A)(1)(a) with a 2941.1413 specification. *State v. South*, 9th Dist. No. 26967, 2014-Ohio-374. The court held the defendant's sentence was contrary to law as it exceeded the 36-month maximum sentence allowed under R.C. 2929.14(A)(3)(b). *Id.* at ¶ 18. The Ninth District certified a conflict to the Supreme Court of Ohio on March 17, 2014 based on the *Sturgill* and *South* decisions. The Supreme Court has requested the parties brief the issue.

{¶ 17} In both *South* and *Sturgill*, the defendants were convicted of a specification under R.C. 2941.1413 for having previously been convicted of five or more OVI offenses within 20 years. That statute is not implicated here. Additionally, as in *Owen* and *May,*

neither court discussed the provision in R.C. 4511.19(G)(1) providing R.C. Chapter 2929 does not apply unless otherwise provided in R.C. 4511.19(G)(1)(a) to (e) .

{¶ 18} For the reasons stated above, we do not find the decisions in *Owen, May, Sturgill* or *South* persuasive. Rather, we find the trial court here was authorized under R.C. 4511.19 to sentence appellant up to five years.

### V. Conclusion

{¶ 19} Based on the foregoing reasons, we find the trial court did not error and appellant's sentence was not contrary to law. Accordingly, we overrule appellant's assignment of error and affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and O'GRADY, JJ., concur.

_____