[Cite as *State v. Hudson*, 2015-Ohio-3975.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-868 |
| v. | : | (C.P.C. No. 13CR-4472) |
| David Hudson, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 29, 2015

*Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

*Meeks and Thomas Co., L.P.A.*, and *David H. Thomas*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, David Hudson, appeals from a judgment of conviction entered by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} On August 22, 2013, a Franklin County Grand Jury indicted appellant with single counts of attempted murder, kidnapping, and aggravated robbery as well as two counts of rape and three counts of felonious assault. The counts arose out of a violent sexual assault of appellant's friend's wife. Appellant entered not guilty pleas and proceeded to a trial. Appellant waived his right to a jury trial and was instead tried to the court.

{¶ 3} The victim provided graphic testimony describing how appellant violently attacked her in her home.[1] The attack began with appellant putting a knife to her throat and dragging her into a dining room. Appellant tore out the victim's dentures with the knife and forced her to perform fellatio on him. He then dragged her up the stairs to her bedroom and forced her to perform fellatio again. In the bedroom, appellant stabbed her with the knife in her face and throat and tried to break her arms and neck. He then grabbed a screwdriver and stabbed her with that multiple times. In addition, appellant attempted to suffocate the victim with items of clothing and a pillow. He also punched her and stomped on her with his feet. Appellant eventually left the house, but not before taking the victim's wedding ring off her finger.

{¶ 4} The trial court found appellant guilty of all counts and sentenced him to consecutive prison terms for each conviction for a total prison sentence of 55 years.

## II. The Appeal

{¶ 5} Appellant appeals to this court. His appellate counsel, however, filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he could find no errors prejudicial to appellant which may be argued to this court on appeal. In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the appeal is wholly frivolous, counsel should so advise the court and request permission to withdraw. *Id.* at 744. Counsel must accompany this request with a brief identifying anything in the record that could arguably support the client's appeal. *Id.* Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses. *Id.* Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine whether the case is wholly frivolous. *Id.* If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.* On the other hand, if this court concludes that there are

---

[1] Appellant had been staying off and on at the victim's house because the victim and her husband allowed appellant's girlfriend and child to stay with them for awhile.

arguably meritorious issues for appeal, and therefore not wholly frivolous, we must afford appellant the assistance of counsel to address those issues. *Id.*

{¶ 6} Appellate counsel in this matter has followed the procedure in *Anders* and we have already granted counsel's motion to withdraw. This court also notified appellant of his counsel's representations and afforded him ample time to file a pro se brief. Appellant did not file such a brief. This case is now before us for an independent review to decide whether any arguably meritorious issues exist.

{¶ 7} Counsel's *Anders* brief identifies two potential issues for appeal: Whether the trial court erred by not merging certain convictions for purposes of sentencing and by sentencing appellant to maximum and consecutive prison terms. These issues are not meritorious.

## A. Merger

{¶ 8} In *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, the Supreme Court of Ohio set forth a test for determining whether offenses merge under R.C. 2941.25 for purposes of sentencing:

> [W]hen determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31; see *also State v. Hobbs*, 10th Dist. No. 14AP-225, 2015-Ohio-2419, ¶ 32-33.

{¶ 9} The trial court fully considered the merger arguments and rejected them. We agree. All of appellant's convictions arose from separate conduct and would not merge for purposes of sentencing. The three separate counts of felonious assault arose from separate conduct: (1) stabbing the victim with a screwdriver, (2) stabbing her with a knife, and (3) punching and stomping on her. Appellant's attempt to suffocate the victim with clothes and a pillow is separate conduct that supports the attempted murder conviction. The two rape convictions also involved separate instances of forced fellatio, one in the dining room and the other upstairs in the bedroom. The kidnapping conviction involved appellant's conduct in dragging the victim to the upstairs bedroom and the

aggravated robbery conviction arose when appellant stole the victim's wedding ring after the assault. We find no meritorious issues that arise from the trial court's decision not to merge convictions for purposes of sentencing.

### B. Sentencing

{¶ 10} An appellate court reviews a trial court's sentencing decision to determine whether clear and convincing evidence establishes that the sentence is contrary to law. *State v. Stubbs*, 10th Dist. No. 13AP-810, 2014-Ohio-3696, ¶ 15, citing *State v. Mercier*, 10th Dist. No. 13AP-906, 2014-Ohio-2910, ¶ 4. Applying that standard, we look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law. *Id.*, citing *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19. *See also State v. White*, 1st Dist. No. C-130114, 2013-Ohio-4225, ¶ 9-10 (applying same standard of review).

{¶ 11} The trial court sentenced appellant to maximum prison terms for his rape convictions. The trial court noted in appellant's judgment of conviction that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12. In addition, the Court has weighed the factors as set forth in the applicable provision of R.C. 2929.13 and R.C. 2929.14." That language demonstrates that the trial court properly considered and applied the sentencing guidelines. *Stubbs* at ¶ 14, citing *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15. Additionally, the length of the prison terms is within the statutory guidelines for his convictions. *Stubbs* at ¶ 16. Appellant's maximum prison sentences are not contrary to law and we find no meritorious issues for appellate review in this regard.

{¶ 12} The trial court also ordered that appellant's sentences be served consecutively. In order to impose consecutive sentences, a trial court must make findings required by R.C. 2929.14(C)(4). *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 26. That statute provides:

> If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the

offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 13} A word-for-word recitation of the language of the statute is not required, and as long as the reviewing court can discern that the trial court engaged in the correct analysis and can determine that the record contains evidence to support the findings, consecutive sentences should be upheld. *Id.* at ¶ 29.

{¶ 14} At appellant's sentencing hearing, the trial court made the following findings to support its imposition of consecutive sentences:

Consecutive sentences are clearly justified here because I find definitively that such sentences are necessary to protect the public from future crime or to punish the offender for the absolute ferocity of the attacks and that consecutive sentences are clearly not disproportionate to the seriousness of the conduct that occurred here and to the danger that the defendant would otherwise pose to the public.

The court also finds that at least two of these offenses were committed as a part of one of more courses of conduct and the harm caused here was so great or unusual that no single prison term for any of the offenses committed as a part of the course of conduct here adequately would reflect the seriousness of the offender's conduct.

(Sept. 25, 2014 Tr. 32-33.)

{¶ 15} These findings were also included in the judgment entry of conviction.

{¶ 16} With these findings, we can discern that the trial court engaged in the correct analysis in deciding whether to impose consecutive sentences. *Bonnell.* We also can determine that the record contains evidence that supports the trial court's findings. We find no meritorious issues that arise from the trial court's imposition of consecutive sentences in this case.

## III. Conclusion

{¶ 17} After our independent review of the record, we are unable to find any non-frivolous issues for appeal, and we agree that the issues raised in appellant's *Anders* brief are not meritorious. *State v. Muhammad*, 10th Dist. No. 12AP-906, 2013-Ohio-2776, ¶ 14. Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and HORTON, JJ., concur.