[Cite as *State v. Hall*, 2017-Ohio-813.]

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 16AP-408 |
| v. | : | (C.P.C. No. 07CR01-1539) |
| James K. Hall, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

## D E C I S I O N

### Rendered on March 7, 2017

**On brief:** *Ron O'Brien*, Prosecuting Attorney, and *Barbara A. Farnbacher*, for appellee.

**On brief:** *Carpenter Lipps & Leland LLP*, *Kort Gatterdam* and *Erik P. Henry*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, James K. Hall, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion to vacate judgment and to withdraw guilty plea. For the following reasons, we affirm that judgment.

## I. Factual and Procedural Background

{¶ 2} In 2007, appellant pled guilty to two counts of aggravated robbery and one count of felonious assault. The trial court sentenced him to eight-year concurrent prison terms for each of his aggravated robbery convictions, a consecutive three-year term for a firearm specification, and an eight-year consecutive term for his felonious assault conviction for a total sentence of 19 years in prison. On appeal, this court vacated that

sentence and remanded the matter for resentencing after concluding that "[t]he trial court's statements at the sentencing hearing support appellant's claim that the court improperly relied upon his refusal to testify as an aggravating factor in calculating his sentence." *State v. Hall*, 179 Ohio App.3d 727, 2008-Ohio-6228, ¶ 20 (10th Dist.).

{¶ 3}   On remand, the original sentencing judge recused herself and a new judge was assigned to sentence appellant.  That judge sentenced him to nine-year concurrent prison terms for each of his aggravated robbery convictions, a consecutive three-year term for a firearm specification, and an eight-year consecutive term for his felonious assault conviction for a total sentence of 20 years in prison.  This court affirmed that sentence. *State v. Hall*, 10th Dist. No. 09AP-302, 2009-Ohio-5712.

{¶ 4}   In January 2016, almost seven years after his resentencing, appellant filed a motion requesting the trial court to vacate its resentencing entry because the court did not impose a sentence on all of his convictions.  He also asked to withdraw his guilty plea because the trial court failed to determine that he entered his plea with a full understanding of the penalties involved.  The trial court denied appellant's motion, both on res judicata grounds and also for his failure to demonstrate a manifest injustice necessary for the postsentence withdrawal of a plea.

## II. Appellant's Appeal

{¶ 5}   Appellant appealed to this court.  His appellate counsel, however, filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that he could find no errors prejudicial to appellant which may be argued to this court on appeal.  In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the appeal is wholly frivolous, counsel should so advise the court and request permission to withdraw.  *Id.* at 744. Counsel must accompany this request with a brief identifying anything in the record that could arguably support the client's appeal.  Counsel also must furnish the client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that the client chooses.  *Id.*   Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine whether the case is wholly frivolous.  If the appellate court also determines the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the

appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.* On the other hand, if this court concludes that there are arguably meritorious issues for appeal, and therefore not wholly frivolous, we must afford appellant the assistance of counsel to address those issues. *Id.*; *State v. Hudson*, 10th Dist. No. 14AP-868, 2015-Ohio-3975, ¶ 5.

{¶ 6} Appellate counsel in this matter has followed the procedure in *Anders* and we have already granted counsel's motion to withdraw. This court also notified appellant of his counsel's representations and afforded him ample time to file a pro se brief. Appellant did not file such a brief. This case is now before us for an independent review to decide whether any arguably meritorious issues exist. *State v. Muhammad*, 10th Dist. No. 12AP-906, 2013-Ohio-2776, ¶ 6.

### A. Did the Trial Court Err in Denying Appellant's Motion to Vacate Sentence and to Withdraw Plea?

{¶ 7} In counsel's *Anders* brief, he proposes one potential assignment of error, in which he argues that the trial court erred in denying appellant's motion to vacate sentence and to withdraw plea. We disagree.

### 1. Appellant's Motion to Vacate

{¶ 8} Appellant's motion to vacate his sentence is largely premised on his argument that the trial court, during his resentencing hearing, did not pronounce a sentence for one of his convictions. He argues that the court's failure rendered his sentencing entry interlocutory and, therefore, not a final appealable order. We disagree.

{¶ 9} Some appellate courts in Ohio have concluded that in criminal cases, where a trial court fails to impose a sentence on each count of a conviction, the order is merely interlocutory and, therefore, the court has no power to hear an appeal from such an order. *State v. Williams*, 3d Dist. No. 5-10-02, 2011-Ohio-995, ¶ 12; *State v. Moore*, 3d Dist. No. 14-06-53, 2007-Ohio-4941, ¶ 7; *State v. Hoelscher*, 9th Dist. No. 05CA0085-M, 2006-Ohio-3531, ¶ 10; *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137, ¶ 16. We need not address the issue here because the trial court did impose a sentence for each of appellant's convictions. Specifically, the trial court stated at appellant's sentencing hearing:

> Sentence of the Court on Counts 3 and 6 would be a nine-year sentence on Count 3 with the three-year gun specification on top of that. Count 14 will be an eight-year sentence. Count 3

and 6 will run concurrent with each other. Count 14 will run
consecutively to Counts 3 and 6.

(Mar. 4, 2009 Sentencing Hearing Tr. at 17.)

{¶ 10} Appellant argues that this statement does not include a sentence for Count 6 of the indictment. We disagree. Although the trial court could have been more precise in its language, we interpret the court's statement as imposing nine-year concurrent sentences on Counts 3 and 6, with the three-year firearm specification to Count 3 to be served consecutively to those concurrent terms. This interpretation is bolstered by the trial court's decision to order the sentences for Counts 3 and 6 to be served concurrently. Such a decision would have been meaningless if the trial court had not imposed sentence on both counts. We also note the trial court's subsequent sentencing entry, which stated that appellant's sentence was "NINE (9) YEARS as to Count Three; NINE (9) YEARS as to Count Six; EIGHT (8) YEARS as to Count Fourteen * * *. Counts Three and Six to be served concurrently with each other but consecutively with Count Fourteen. The Defendant shall serve an additional, consecutive Three (3) years incarceration as to the firearm specification." (Mar. 31, 2009 Corrected Resentencing Jgmt. Entry at 2.)

{¶ 11} Appellant also argued that his sentence should be vacated because the trial court did not determine whether his offenses should have merged for purposes of sentencing. This argument is barred by res judicata. " 'Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment.' " *State v. Lowe*, 10th Dist. No. 14AP-481, 2015-Ohio-382, ¶ 10, quoting *State v. Perry*, 10 Ohio St.2d 175 (1967), paragraph nine of the syllabus.

{¶ 12} Appellant could have raised this merger argument in his direct appeal from his resentencing but he did not. As a result, res judicata bars him from raising it in this appeal. *State v. Greenberg*, 10th Dist. No. 12AP-11, 2012-Ohio-3975, ¶ 12; *State v. Myers*, 10th Dist. No. 11AP-909, 2012-Ohio-2733, ¶ 6; *State v. Garnett*, 10th Dist. No. 12AP-594, 2013-Ohio-1210, ¶ 9. We recognize that an exception to the application of res judicata applies to void judgments. *State v. Mitchell*, 187 Ohio App.3d 315, 320, 2010-Ohio-1766,

¶ 22, fn. 1 (6th Dist.), citing *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, ¶ 30. However, the merger argument appellant presents would not render the trial court's judgment void. *Myers* at ¶ 7, citing *State v. Timmons*, 10th Dist. No. 11AP-895, 2012-Ohio-2079, ¶ 12 (applying res judicata to bar consideration of alleged merger error that would not render judgment void); *Greenberg* at ¶ 12. Accordingly, res judicata bars consideration of appellant's merger claims.

{¶ 13} The trial court did not err by denying appellant's motion to vacate.

### 2. Appellant's Motion to Withdraw Plea

{¶ 14} Appellant argues that he should have been allowed to withdraw his plea because the trial court did not comply with Crim.R. 11 in accepting his guilty plea by not informing him that he was subject to a mandatory prison term and would not be eligible for community control or judicial release. We disagree for two reasons.

{¶ 15} First, this argument is also barred by res judicata. This court has consistently applied res judicata to bar a defendant from raising claims in a post-sentence motion to withdraw guilty plea that were either raised or could have been raised in a direct appeal from the judgment of conviction and sentence. *Lowe*; *State v. Britford*, 10th Dist. No. 11AP-646, 2012-Ohio-1966, ¶ 13. *See also State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831, ¶ 59. Appellant could have raised this alleged error in his direct appeal but failed to do so. *State v. Ishmail*, 67 Ohio St.2d 16, 18 (1981); *State v. Rexroad*, 9th Dist. No. 22214, 2004-Ohio-6271, ¶ 9. Neither would the trial court's alleged failure render the trial court's sentencing entry void. *Britford* at ¶ 8. Accordingly, the argument is barred by res judicata. *Lowe* at ¶ 11 (applying res judicata to bar consideration of trial court's alleged failure to comply with Crim.R. 11 because defendant did not appeal from sentencing and only raised the issue in subsequent motion to withdraw plea); *Britford* at ¶ 7-8 (same).

{¶ 16} Second, appellant was informed of the mandatory prison term he faced and that he would not be eligible for community control or judicial release. The "Entry of Guilty Plea" form that he signed informed him that R.C. 2929.13(F) required a mandatory prison term for his firearm specification and that he would not be eligible for community control sanctions or judicial release for that term. Appellant's other convictions did not contain mandatory prison terms.

## III.  Conclusion

{¶ 17}  After our independent review of the record, we are unable to find any non-frivolous issues for appeal, and we agree that the issues raised in appellant's *Anders* brief are not meritorious.  *Muhammad* at ¶ 14.  Accordingly, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.