[Cite as *State v. Fry*, 2021-Ohio-2838.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

STATE OF OHIO,                         :

    Plaintiff-Appellee,           :

                                             No. 109593

    v.                                :

MARK FRY,                              :

    Defendant-Appellant.          :

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** VACATED AND REMANDED
**RELEASED AND JOURNALIZED:** August 19, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-17-618983-A

---

## *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Katherine Mullin and Jennifer A. Driscoll, Assistant Prosecuting Attorneys, *for appellee.*

Cullen Sweeney, Cuyahoga County Public Defender, and John T. Martin, Assistant Public Defender, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1}   Defendant-appellant Mark Fry ("Fry") appeals his sentence, alleging it departs from and exceeds the mandatory statutory sentencing range.   For the reasons that follow, we vacate the judgment of the trial court and remand the case.

## I.   PROCEDURAL AND FACTUAL BACKGROUND

{¶ 2}   On July 1, 2017, Fry lured a seven-year-old girl into a car, drove her to a remote area, and threatened to kill her if she did not follow his commands.   Fry then violently assaulted her, requiring the victim to undergo surgery.   On July 14, 2017, a Cuyahoga County Grand Jury indicted Fry on the following six counts: Count 1, rape of a person less than thirteen years of age; Count 2, kidnapping with a sexual motivation specification; Count 3, felonious assault with a sexual motivation specification; Count 4, kidnapping with a sexual motivation specification; Count 5, grand theft; and Count 6, possession of criminal tools.

{¶ 3}   On October 24, 2017, pursuant to an agreed plea, Fry pled guilty to Count 1, rape of a person less than thirteen years of age; Count 3, felonious assault with a sexual motivation specification; Count 4, kidnapping with a sexual motivation specification; and an amended Count 5, attempted grand theft.   Counts 2 and 6 were nolled.   On November 20, 2017, Fry was sentenced to a total of 35 years: 30 years on Count 1, rape of a person less than thirteen years of age; five years on Count 2, kidnapping with a sexual motivation, to run concurrently; six months on Count 5, attempted grand theft, to run concurrently; and five years on Count 4, kidnapping with a sexual motivation specification, which was to run consecutively.

{¶ 4} The transcript and the sentencing journal entry both reflect that the trial court inadvertently sentenced Fry on Count 2, kidnapping with a sexual motivation specification, instead of Count 3, felonious assault with a sexual motivation specification, even though the trial court only accepted Fry's guilty plea on Count 3, had informed Fry of the appropriate sentencing range on Count 3, and had stated that Counts 2 and 6 were nolled.

{¶ 5} On December 26, 2017, Fry appealed his sentence as set forth in the November 20, 2017 judgment entry in Case No. 106648. He alleged the trial court erred in its sentence on Count 1, rape of a person less than thirteen years of age, and the sentence was contrary to law. On June 28, 2018, the state filed its brief with a motion to dismiss, alleging that because the trial court did not actually dispose of Count 3, the appeal should be dismissed for lack of a final judgment. This court agreed and granted that motion to dismiss on July 10, 2018, stating:

> The trial court imposed a sentence on Counts 1, 2, 4 and 5. Appellant pled guilty to Counts 1, 3, 4, and 5. The trial court at the sentencing hearing and in the sentencing entry imposed a sentence on Counts 1, 2, 4 and 5. The trial court incorrectly sentenced appellant on Count 2, which was nolled, and failed to sentence the appellant on Count 3. When the trial court fails to impose a sentence on each count of a conviction, the order is merely interlocutory and, therefore, the court has no power to hear an appeal from such an order. *State v. Waters*, 8th Dist. No. 85691, 2005-Ohio-5137, ¶ 16; *State v. Hall*, 10th Dist. Franklin No. 16AP-408, 2017-Ohio-813, ¶ 9. Appeal is dismissed.

*State v. Fry*, 8th Dist. Cuyahoga No. 106648 (July 10, 2018).

{¶ 6} On January 24, 2020, pursuant to this court's remand and a joint stipulation by the parties, the trial court, with Fry present via video conferencing, held a hearing and then issued a corresponding nunc pro tunc judgment entry,

correcting this mistake and sentencing Fry on Count 3 instead of Count 2. It is from this judgment entry that Fry now appeals.

## II. LAW AND ANALYSIS

{¶ 7} Fry's sole assignment of error asserts the trial court's sentence on Count 1, rape of a person less than thirteen years of age, is contrary to law pursuant to R.C. 2971.03(B).

{¶ 8} The standard of review of felony sentencing is governed by R.C. 2953.08(G)(2), which states that "an appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Butts*, 8th Dist. Cuyahoga No. 108381, 2020-Ohio-1498, ¶ 50, quoting *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 1 and 21.

> A sentence is not clearly and convincingly contrary to law "where the trial court considers the purposes and principles of sentencing under R.C. 2929.11 as well as the seriousness and recidivism factors listed in R.C. 2929.12, properly applies post-release control, and sentences a defendant within the permissible statutory range."

*State v. Thompson,* 8th Dist. Cuyahoga No. 105785, 2018-Ohio-1393, ¶ 7, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 10. Fry alleges that his sentence on Count 1, rape of a person less than thirteen years of age, is outside the permissible statutory range.

{¶ 9} Fry pled guilty to Count 1 as indicted for violating R.C. 2907.02(A)(1)(b), rape of a person less than thirteen years of age. The indictment alleged that Fry:

> did engage in sexual conduct, to wit: digital penetration, with Jane Doe 1, DOB 9/19/09 who was not the spouse of the offender, and Jane Doe 1, DOB 9/19/09 whose age at the time of the said sexual conduct was less than thirteen years of age, to wit: Jane Doe 1, DOB 9/19/09, whether or not the offender knew the age of Jane Doe 1, DOB 9/19/09.

{¶ 10} The indictment on Count 1, rape of a person less than thirteen years of age, mirrors the statutory language. It does not contain any specifications that the victim was under the age of 10 or that she was compelled to submit by force or threat of force; however, it does include her date of birth, which establishes that she was seven years of age, clearly under the age of 10 at the time of the offense. Based on this guilty plea, the trial court sentenced Fry to 30 years to life on Count 1, stating at the sentencing hearing that the mandatory minimum on Count 1 was 25 years to life, and then adding five additional years given the severity of the offense.

{¶ 11} Pursuant to R.C. 2907.02(B), a trial court is authorized to sentence a defendant for violating R.C. 2907.02(A)(1)(b) to either life without parole or one of three indefinite sentences pursuant to R.C. 2971.03(B). The Ohio Supreme Court recently clarified this sentencing scheme, stating that "[w]hen a trial court does not sentence a defendant convicted under R.C. 2907.02(A)(1)(b) to life without parole under R.C. 2907.02(B), R.C. 2971.03(B) provides three possible indefinite sentences that may be imposed instead: 10 years to life, 15 years to life, or 25 years to life."

*State v. Bowers*, 163 Ohio St.3d 28, 2020-Ohio-5167, 167 N.E.3d 947, ¶ 5.  The three possible indefinite sentences are set out in R.C. 2971.03(B)(1) which provides:

> [I]f the court does not impose a sentence of life without parole [under R.C. 2907.02(B)], the court shall impose upon the person an indefinite prison term consisting of one of the following:
>
> (a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.
>
> (b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.
>
> (c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of that section, or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.

Under this statutory framework, the default mandatory sentence is ten years to life pursuant to R.C. 2971.03(B)(1)(a), unless the provisions of R.C. 2971.03(B)(1)(b) or (c) are applicable.  *State v. Mejia*, 2020-Ohio-6870, 164 N.E.3d 1177, ¶ 22 (6th Dist.).

{¶ 12}  In *Bowers*, the defendant was convicted of raping a person under the age of 13 pursuant to R.C. 2907.02(A)(1)(b).  *Bowers* at ¶ 2.  A jury found Bowers guilty and based on the victim's age, the jury also found Bowers guilty of a specification that the victim was under the age of 10.  *Id.*  Bowers was then sentenced to 25 years to life in prison for rape under R.C. 2971.03(B)(1)(c) even though there was no specification in the indictment that the victim was compelled to submit by

force or the threat of force. *Bowers* at ¶ 2. At the third sentencing hearing, the trial court sentenced Bowers again to 25 years to life without making any factual findings under R.C. 2971.03(B)(1)(c).[1] *Id.* at ¶ 6. Bowers appealed the trial court's sentence and the First District reversed the trial court, finding its sentence was not authorized by law because "none of the prerequisites for such a sentence under R.C. 2971.03(B)(1)(c) — the use of force or the threat of force in the commission of the offense, a prior conviction for rape of a child under 13, or serious physical harm caused to the victim of the offense — was present." *Id.* at ¶ 10.

{¶ 13} In *Bowers*, the Ohio Supreme Court affirmed the First District's judgment that "a sentence of 25 years to life under R.C. 2971.03(B)(1)(c) was not an option in the absence of a finding that the victim was compelled to submit by force or that one of the other factors under that provision was present." *Id.* at ¶ 17. The state argued that a specific finding of force by a jury was not necessary because there was sufficient evidence of force in the record. The state also argued that force could be found based on the trial court's finding that force was used in the commission of

---

[1] While not relevant to this appeal, the trial court initially sentenced the defendant to an indefinite sentence of 25 years to life in prison under R.C. 2971.03(A); however, the First District reversed this sentence in part because that provision only applied to certain crimes with sexually violent predator specifications, which were not found in that case. On remand, the trial court sentenced the defendant again to 25 years to life, without making any factual findings set out in R.C. 2971.03(B)(1)(c), and indicated that it believed this was its only sentencing option. When the defendant appealed a second time, the First District reversed and remanded, clarifying to the trial court that it was able to sentence defendant to either 25 or 15 years. At the third sentencing hearing, the trial court again decided 25 years to life was the most appropriate sentence. On appeal for the third time, the First District reversed, saying 25 years to life was not authorized because none of the prerequisites for such a sentence under R.C. 2971.03(B)(1)(c) were present.

the rape, because this was the type of discretionary judicial factfinding permitted under United States Supreme Court precedent in *Apprendi* and *Alleyne*. *Bowers* at ¶ 22, citing *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); *Alleyne v. United States,* 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

{¶ 14} The Ohio Supreme Court rejected both of these arguments, explaining that the state's arguments incorrectly relied on the notion that this statute involves the type of judicial factfinding permitted under *Apprendi* and *Alleyne*. In *Apprendi*, the Court held that the Sixth Amendment of the United States Constitution required that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum," except for the fact of a prior conviction, "must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at ¶ 13, citing *Apprendi* at 490. In *Alleyne*, the Court held this principle applied to facts increasing the mandatory minimum sentence. *Id.* at ¶ 13, citing *Alleyne* at 108.

{¶ 15} The Ohio Supreme Court found that because the imposition of a sentence of 25 years to life, based solely on a finding of force by the trial court, whether by judicial factfinding or evidence in the record, would raise the mandatory minimum sentence from 15 to 25 years, the finding must be made by a jury, otherwise it violates the Sixth Amendment. *Id.* at ¶ 21. The court held that the factors in R.C. 2971.03(B)(1)(b) and (c) are "'[f]acts that increase the mandatory minimum sentence,' meaning that they are 'elements [of the charged offense] and

must be submitted to the jury and found beyond a reasonable doubt,'" *Bowers*, 163 Ohio St.3d 28, 2020-Ohio-5167, 167 N.E.3d, at ¶ 24, quoting *Alleyne* at 108.

{¶ 16} In *State v. Morris*, the Fifth District applied *Bowers* to a defendant who pled guilty to three rape charges in violation of R.C. 2907.02(A)(1)(b), each with a specification that Morris purposely compelled the victim to submit by force or threat of force and two counts of gross sexual imposition. *State v. Morris*, 5th Dist. Delaware No. 19 CAA 12 0069, 2020-Ohio-5361, ¶ 2-3. At the plea hearing, the trial court made a specific finding that force was used. *Id.* at ¶ 3. The trial court sentenced Morris to 25 years to life pursuant to 2971.03(B)(1)(c). *Id.* at ¶ 8. Morris later appealed this sentence as contrary to law. *Id.* at ¶ 22.

{¶ 17} On appeal, the Fifth District in *Morris* examined *Bowers* and R.C. 2971.03(B)(1)(c) and found for a trial court to be authorized to sentence a defendant to 25 years to life, "[t]he use of force or threat of force must be alleged in the indictment and there must be a finding that the victim was compelled to submit by force [citing *Bowers*]." *Id.* at ¶ 26. The *Morris* Court found the sentence was not contrary to law because the use of force was specifically included in the indictment, the trial court made a finding of force, and Morris pled guilty to rape with a force or threat of force specification. *Id.* at ¶ 27.

{¶ 18} In *Mejia*, the Sixth District also dealt with a defendant who pled guilty to rape of a person less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b) and was sentenced by the trial court to 25 years to life pursuant to R.C. 2971.03(B)(1)(c). *State v. Mejia*, 2020-Ohio-6870, 164 N.E.3d 1177, ¶ 7 (6th

Dist.). Mejia was charged with one count for rape of a person less than thirteen years of age in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree ("Count 1"), one count of rape in violation of R.C. 2907.02(A)(1)(b) and (B) with a specification that appellant "purposely compelled the victim to submit by force or threat of force," a felony of the first degree ("Count 2"), and one count of sexual battery in violation of R.C. 2907.03(A)(5) and (B), a felony of the second degree ("Count 3"). *Mejia* at ¶ 2. The charges stemmed from sexual acts of violence Mejia perpetrated on a 12-year-old victim. *Id.*

{¶ 19} Similar to Fry, Mejia waived his right to a jury trial and pled guilty to just one count of rape of a person less than thirteen years of age in exchange for the remaining counts to be nolled. *Id.* at ¶ 3. At the sentencing hearing, the trial court reiterated that Count 1, rape of a person less than thirteen years of age, required a 25-year mandatory minimum sentence, which the court imposed. *Id.* at ¶ 6. On appeal, Mejia argued the 25-years to life sentence was contrary to law. The Sixth District found itself presented with the following question:

> [M]ay a defendant who pleads guilty to rape under R.C. 2907.02(A)(1)(b) and (B) be sentenced to 25 years to life under R.C. 2971.03(B)(1)(c) when the indictment fails to include a specification that force was used in the commission of the rape, the record is silent as to the issue of force, and the trial court does not make a determination that force was used in the commission of the rape at the time of accepting the plea or sentencing the defendant?

*Id.* at ¶ 29. The state argued that even though the transcript did not mention that force was used, the use of force could be inferred since the case involved the rape of a child. *Id.* at ¶ 23. The Sixth District was not persuaded by this argument. *Id.*

{¶ 20} Applying *Bowers*, the *Mejia* Court rejected the state's argument that an express finding of force was not required as long as there was evidence of force in the record. *Mejia* at ¶ 34. The court held that force is an element of the offense and "[b]ecause Count 1 of the indictment did not include a specification that appellant used or threatened force during the commission of the offense in this case, we conclude that R.C. 2971.03(B)(1)(c) is inapplicable, and thus appellant's prison sentence of 25 years to life founded upon that statutory section is contrary to law." *Id.* at ¶ 34 and 36. The court reversed the judgment and remanded to the trial court for resentencing. *Id.* at ¶ 38.

{¶ 21} In *State v. Johnson,* the Eighth District's most recent decision concerning this sentencing statute, the defendant, like Fry, was convicted of rape of a person under 13 years old pursuant to R.C. 2907.02(A)(1)(b) by jury. *State v. Johnson*, 8th Dist. Cuyahoga No. 109127, 2020-Ohio-2947. There, the jury made a specific finding that the victim was less than ten years of age; however, there was no separate finding that Johnson compelled the victim to submit by force or threat of force, that he had been previously convicted of rape, or that he caused serious physical harm to victim as required under R.C. 2971.03(B)(1)(c). *Id.* at ¶ 13. Despite the lack of any of the prerequisite factors in R.C. 2971.03(B)(1)(c) the trial court sentenced Johnson to 25 years to life. *Id.* at ¶ 6 and 12.

{¶ 22} Upon review, this court found: "[b]ecause the jury did not find any of these elements, Johnson could not be sentenced to 25 years to life pursuant to R.C. 2971.03(B)(1)(c)." *Id.* at ¶ 14. This court reversed the trial court's sentence as

contrary to law, holding: "[i]n circumstances such as this matter where the defendant has been convicted of the rape of a child under the age of ten, and there has been no other findings of force, physical harm, or prior rape convictions, 25 years to life is not an authorized sentence." *Johnson* at ¶ 16. This court then vacated the sentence and remanded to the trial court to resentence Johnson in accordance with R.C. 2907.02(B) and 2971.03(B)(1)(b). *Id.* at ¶ 17.

{¶ 23} In the instant case, the facts are unique and distinguishable from *Bowers*, *Mejia*, *Morris*, and this court's precedent in *Johnson*. Both *Bowers* and *Johnson* involved jury verdicts where the rape convictions did not contain any force specifications. The distinction between a jury trial, where the jury is the factfinder to establish the use of force, and instant case where a defendant pleads guilty is significant, placing greater emphasis on the language in the indictment a defendant pleads guilty to. In *Morris*, we have a guilty plea; however, the indictment Morris pled guilty to contained a force specification in each rape count he pled guilty to, unlike here. *Morris*, 5th Dist. Delaware No. 19 CAA 12 0069, 2020-Ohio-5361. In *Morris*, the court also made specific findings that force was used for each rape offense he pled guilty to and the parties had jointly stipulated to an agreed sentence. In *Mejia*, there also was a guilty plea to count 1 of the indictment for rape of a person less than thirteen years of age, and like Fry's indictment, the rape count did not contain a force specification. Mejia was also charged with a second count of rape, which did contain a force specification, but that charge was dismissed. Because the

only count Mejia pled guilty to did not contain the force specification or any facts to establish force, the sentence of 25 years to life was contrary to law.

{¶ 24} Fry argues generally his sentence is contrary to law and that the trial court was only authorized to sentence Fry to 15 years to life pursuant to R.C. 2971.03(B)(1)(b). The state makes identical arguments in this case as it did in *Bowers* and *Mejia*, asserting that there is enough evidence in the record to establish force in the commission of the rape offense. However, *Bowers* was clear that this argument has no merit and that "evidence in the record" of force is not sufficient to sentence a defendant pursuant to subsection (B)(1)(c). *Bowers* at ¶ 24. *Bowers* was clear that the "factors in R.C. 2971.03(B)(1)(b) and (c) are '[f]acts that increase the mandatory minimum sentence,' meaning that they are 'elements [of the charged offense] and must be submitted to the jury and found beyond a reasonable doubt * * *.'" *Id.*, quoting *Alleyne*, 570 U.S. 99, 108, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013).

{¶ 25} The state also argues that because Fry pled guilty on Count 3, felonious assault with a sexual motivation specification, this is sufficient to establish the factors required by R.C. 2971.03(B)(1)(c). We find this argument has merit and has not been address by any of the foregoing cases because none of them contained an additional guilty plea to felonious assault with a sexual motivation specification committed against the same victim on the same day as the rape offense. This may be sufficient to establish a defendant caused serious physical harm during or immediately after the commission of the offense to authorize a 25-years to life

sentence under R.C. 2971.03(B)(1)(c) depending on the specific facts contained in the indictment to which the defendant pleads guilty.

{¶ 26} Pursuant to United States Supreme Court precedent in *Blakely*, when there is no jury trial because a defendant waived that right, the only way to establish facts that increase the penalty for a crime without violating the Sixth Amendment are when the defendant admits to them. *State v. Brito*, 8th Dist. Cuyahoga No. 88223, 2007-Ohio-1311, ¶ 6 (" * * * any fact (other than a prior conviction) that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury and proved beyond a reasonable doubt or admitted by the defendant"), citing *Blakely v. Washington*, 542 U.S. 296, 298, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). A guilty plea is a complete admission of the facts set forth in the indictment, including all specifications contained therein. *State v. Sims*, 2019-Ohio-4975, 149 N.E.3d 1143, ¶ 18 (8th Dist.), citing *State v. Colon*, 2017-Ohio-8478, 99 N.E.3d 1197 (8th Dist.); *State v. Diamond*, 8th Dist. Cuyahoga No. 84898, 2005-Ohio-3413, ¶ 27.

{¶ 27} Based on the indictment in this case, Fry pled guilty to Count 1, admitting to the facts that he:

> On or about July 1, 2017 did engage in sexual conduct, to wit: digital penetration, with Jane Doe 1, DOB 9/19/09 who was not the spouse of the offender, and Jane Doe 1, DOB 9/19/09 whose age at the time of the said sexual conduct was less than thirteen years of age, to wit: Jane Doe 1, DOB 9/19/09, whether or not the offender knew the age of Jane Doe 1, DOB 9/19/09.

These facts admitted by Fry establish that he engaged in sexual conduct against a person under the age of thirteen in violation of R.C. 2907.02(A)(1)(b). These facts

admitted by Fry also establish that the victim was seven years old at the time of the offense based on her date of birth as stated in the indictment. These facts admitted by Fry are sufficient to establish that "the victim was less than ten years of age," such that the trial court would be required to sentence Fry to a mandatory minimum of 15 years to life pursuant to R.C. 2971.03(B)(1)(b). These facts in the indictment increase the mandatory minimum sentence and do not violate his Sixth Amendment rights because Fry admitted to them through his guilty plea. *Sims* at ¶ 18. Had the indictment Fry pled guilty to not contained facts to establish the victim's date of birth, an increased sentence would not be authorized.

{¶ 28} For a trial court to be required to sentence Fry pursuant to R.C. 2971.03(B)(1)(c), there must be facts in the indictment that are either proven to a jury beyond a reasonable doubt or admitted by the defendant that there was: "use of force or threat of force in the commission of the offense; a prior conviction for rape of a child under 13; or serious physical harm caused to the victim of the offense." *Morris* at ¶ 26, citing *Bowers*. Again, looking at the indictment, Fry pled guilty to Count 3, felonious assault, that "on or about July 1, 2017" he "did knowingly cause serious physical harm to Jane Doe 1, DOB 9/19/09." Count 3, felonious assault, also contained a sexual motivation specification pursuant to R.C. 2941.147(A), stating "the offender committed the offense with a sexual motivation." By pleading guilty to Count 1, rape of a person less than thirteen years of age, and Count 3, felonious assault with the sexual motivation specification, Fry admits to the facts that he knowingly caused serious physical harm to Jane Doe 1 with sexual motivation at the

same time he also admitted that he engaged in sexual conduct with her. *Sims* at ¶ 18.

{¶ 29} Had Fry pled guilty to charges that did not contain facts to establish any of the prerequisite factors listed in R.C. 2971.03(B)(1)(c), then the trial court would have been required to sentence Fry pursuant to R.C. 2971.03(B)(1)(b), which has a mandatory minimum of 15-years to life. However, by pleading guilty and admitting to the specific facts contained in Count 1, rape of a person less than thirteen years of age, and Count 3, felonious assault with the sexual motivation specification, Fry established that "during or immediately after the commission of the [sexual conduct] [he] caused serious physical harm to the victim," which is the last factor listed in R.C. 2971.03(B)(1)(c). Based on the facts Fry admits to in the indictment through his guilty plea, the age of the victim and the serious physical harm to the victim can be established, beyond a reasonable doubt, without resorting to judicial factfinding or without looking to evidence in the record of Jane Doe 1's horrific injuries and the surgery she required after the assault. With these facts admitted by Fry through his guilty plea to the indictment, the mandatory minimum sentence can be applied without violating his Sixth Amendment rights. Therefore, we hold Fry's guilty pleas to Counts 1 and 3, as specifically charged in this indictment, contain sufficient facts admitted by him to establish the required factor to authorize the trial court to impose a mandatory 25 years to life sentence pursuant to R.C. 2971.03(B)(1)(c) on Count 1.

{¶ 30} What is unclear is whether the statute permitted the trial court to impose a 30 years to life sentence for Count 1 pursuant to R.C. 2971.03(B)(1)(c). In his brief, Fry argues that the trial court improperly sentenced him to 15 years instead of 25 years but does not discuss whether the 30-year sentence was contrary to law or not. To address this issue and give the parties proper notice pursuant to *State v. Tate*, 140 Ohio St.3d 442, 2014-Ohio-3667, 19 N.E.3d 888, ¶ 21, the court requested supplemental briefing from the parties on July 7, 2021. Both parties filed supplemental briefs on July 13, 2021.

{¶ 31} Upon review of the supplemental briefing, it is the opinion of this court that the Ohio Supreme Court was clear in *Bowers* when it stated that: "[w]hen a trial court does not sentence a defendant convicted under R.C. 2907.02(A)(1)(b) [rape of a person less than thirteen years of age] to life without parole under R.C. 2907.02(B), R.C. 2971.03(B) provides three possible indefinite sentences that may be imposed instead: 10 years to life, 15 years to life, or 25 years to life." *Bowers* at ¶ 5. The statute explicitly states "the court shall impose upon the person an indefinite prison term consisting of one of the following" three options the statute provides for: 10, 15, or 25 years to life. As discussed above, based on the facts admitted to in the indictment, the trial court in this case was required to impose a sentence pursuant to R.C. 2971.03(B)(1)(c) of 25 years to life.

{¶ 32} Therefore, we find that while the trial court was correct that the statute required it to sentence Fry to a mandatory minimum of 25 years for Count 1,

we also find the statute did not authorize the court to add the additional five years because the statute mandates the sentence to be 25 years to life.

**{¶ 33}** Therefore, we sustain Fry's sole assignment of error. The judgment is vacated, and the case is remanded back to the trial court for the limited purpose of resentencing Fry in accordance with R.C. 2971.03(B)(1)(c).

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

LISA B. FORBES, J., CONCURS;
SEAN C. GALLAGHER, P.J., CONCURS WITH SEPARATE ATTACHED OPINION

SEAN C. GALLAGHER, P.J., CONCURRING:

**{¶ 34}** I concur with the majority opinion, but respectfully disagree with any reliance on *State v. Bowers*, 163 Ohio St.3d 28, 2020-Ohio-5167, 167 N.E.3d 9947, as controlling authority. In relating the "relevant background," the Ohio Supreme Court noted that "[w]hen a trial court does not sentence a defendant convicted under R.C. 2907.02(A)(1)(b) to life without parole under R.C. 2907.02(B), R.C. 2971.03(B)

provides three possible indefinite sentences that may be imposed instead: 10 years to life, 15 years to life, or 25 years to life."

{¶ 35} That notation was not part of, nor integral to, the holding of the case:

> We agree with Bowers that a sentence of 25 years to life under R.C. 2971.03(B)(1)(c) was not an option in the absence of a finding that the victim was compelled to submit by force or that one of the other factors under that provision was present.  Furthermore, under the plain text of R.C. 2971.03(B)(1) and *Alleyne* [ *v. United States,* 570 U.S. 99, 133 S.Ct. 2151 186 L.Ed.2d, 314], the imposition of a sentence of 25 years to life based on such a finding by the trial court raises the mandatory minimum sentence to 25 years and, therefore, the finding must be made by the jury.

*Id.* at ¶ 17.  Because the holding of *Bowers* does not include any conclusion as to the scope of the permissible sentences under R.C. 2971.03(B), we cannot rely on that statement as binding authority.  An appellate court errs in relying on dicta.  *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 29.

{¶ 36} Further, *Bowers* provides that the sentences delineated under R.C. 2971.03(B)(1)(b) and (c) require the trial court to impose a "a minimum of 15 years in prison and a sentence imposed under subsection (B)(1)(c) requires a minimum of 25 years in prison."  *Bowers* at ¶ 19.  *Bowers* rendered no conclusion as to the issue in this case, whether the imposition of a 30-year minimum term is authorized under R.C. 2971.03(B)(1)(c).

{¶ 37} On this point, I agree that the statute does not authorize the imposition of a 30-year minimum term but instead requires the trial court to impose a minimum term of 25 years with any release determinations to occur as statutorily required after that time.  For this reason, I concur with the majority's conclusion.