[Cite as *State v. Morris*, 2020-Ohio-5361.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. William B. Hoffman, P.J. |
| | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Earle E. Wise, J. |
| | : | |
| -vs- | : | |
| | : | Case No. 19 CAA 12 0069 |
| DAVID R. MORRIS | : | |
| | : | |
| Defendant-Appellant | : | <u>OPINION</u> |


CHARACTER OF PROCEEDING:          Criminal appeal from the Delaware County
                                  Court of Common Pleas, Case No. 18 CR 1
                                  08 0460


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           November 19, 2020


APPEARANCES:

For Plaintiff-Appellee                  For Defendant-Appellant

CHRISTOPHER BALLARD                     APRIL CAMPBELL
Assistant Prosecuting Attorney          545 Metro Place South,
145 N. Union Street, 3rd Floor          Suite 100
Delaware, OH 43015                      Dublin, OH 43017

*Gwin, J.,*

{¶1}    Appellant David Morris appeals the judgment entry of the Delaware County Court of Common Pleas denying his motion to withdraw plea.  Appellee is the State of Ohio.

### Facts & Procedural History

{¶2}    On August 24, 2018, appellant was indicted with thirteen counts, as follows: rape of Jane Doe, less than thirteen years of age, a violation of R.C. 2907.02(A)(1)(b), with the specification that appellant purposely compelled Jane Doe to submit by force or threat of force; gross sexual imposition of Jane Doe, less than thirteen years of age, a violation of R.C. 2907.05(A)(4); rape of Mary Doe, less than thirteen years of age, during the commission of which caused serious physical harm to Mary Doe, a violation of R.C. 2907.02(A)(1)(b), with the specification that appellant purposely compelled Mary Doe to submit by force or threat of force; rape of Mary Doe, less than thirteen years of age, a violation of R.C. 2907.02(A)(1)(b), with the specification that appellant purposely compelled Mary Doe to submit by force or threat of force; rape of Mary Doe, less than thirteen years of age, in a separate incident than alleged in counts three and four, a violation of R.C. 2907.02(A)(1)(b), with the specification that appellant purposely compelled Mary Doe to submit by force or threat of force; rape of Mary Doe, less than thirteen years of age, in a separate incident than alleged in counts three, four, and five, a violation of R.C. 2907.02(A)(1)(b), with the specification that appellant purposely compelled Mary Doe to submit by force or threat of force; gross sexual imposition of Mary Doe, less than thirteen years of age, a violation of R.C. 2907.05(A)(4); rape, with appellant purposely compelling Mary Doe to submit by force or threat of force, a violation of R.C.

2907.02(A)(2); rape, with appellant purposely compelling Mary Doe to submit by force or threat of force, in a separate incident than count eight, a violation of R.C. 2907.02(A)(2); rape, with appellant purposely compelling Mary Doe to submit by force or threat of force, in a separate incident than in counts eight and nine, a violation of R.C. 2907.02(A)(2); rape, with appellant purposely compelling Mary Doe to submit by force or threat of force, in a separate incident than in counts eight, nine, and ten, a violation of R.C. 2907.02(A)(2); domestic violence, a violation of R.C. 2919.25(A); and menacing by stalking, a violation of R.C. 2903.211(A)(1).

{¶3}    On February 7, 2019, the trial court held a change of plea hearing. At the hearing, the trial court conducted a plea colloquy with appellant. Appellant stated he understood the plea agreement and understood the trial court was not obligated to follow the joint sentencing recommendation. The trial court reviewed the potential penalties, specifically noting the rape charges carried a penalty of a minimum prison term of twenty-five years and a maximum term of life in prison. After the trial court questioned whether appellant would plead guilty to the force specifications, appellee stated the finding of use of force was required for the mandatory sentence jointly agreed to by the parties pursuant to the plea agreement. Both parties stated they agreed to the use of force language in the indictment. The trial court found appellee "did include force when she described these crimes." After this exchange, the trial court specifically asked appellant if he had any questions and whether he wanted to consult with his lawyer. Appellant stated he had no questions and did not need to consult with his attorney. The trial court reviewed the plea form with appellant, including the jointly recommended sentence of twenty-five years to life. Appellant confirmed to the trial court he was pleading guilty to three rape charges,

with the force specifications, and two counts of gross sexual imposition. The trial court found appellant made a knowing, intelligent, and voluntary decision to enter his guilty plea.

{¶4} Appellant signed a written plea agreement. The agreement stated appellant would plead guilty to counts two, four, five, six, and seven of the indictment, and appellee would dismiss counts one, three, eight, nine, ten, eleven, twelve, and thirteen of the indictment. Appellant also acknowledged he "waive[d] his right to appeal, including, but not limited to the grounds listed in Ohio Revised Code 2953.08." The parties jointly recommended a sentence of a stated prison term of twenty-five years to life.

{¶5} On the same day, appellant also signed a document entitled "withdrawal of former plea of not guilty and written plea of guilty to counts two, four, five, six, and seven of the indictment." In this document, appellant confirmed: he was fully informed of the charges against him; he was informed of the maximum penalties; he understood the effect of a guilty plea; and that his plea was freely, voluntarily, and intelligently made, with his full and complete understanding of the nature of the charges and the consequences of his plea.

{¶6} The trial court issued a judgment entry finding appellant guilty and ordering a presentence report.

{¶7} Appellee filed a sentencing memorandum on February 15, 2019, requesting the trial court sentence appellant to a term of incarceration of twenty-five years to life, as agreed to by both parties. In the memorandum, appellee detailed the facts of the case. The victims reported multiple instances of sexual abuse by appellant, beginning when they were eleven and twelve years old. While appellant initially denied any sexual activity

with the victims, appellant admitted to the detective that he had vaginal intercourse with one of the victims on at least thirty-seven different occasions. Appellee argued: appellant's conduct was of such a nature that only a sentence of at least twenty-five years to life would adequately punish appellant and not demean the seriousness of the offenses; appellant has no remorse for his actions; and appellant has a prior criminal history of breaking and entering.

{¶8} The trial court held a sentencing hearing on February 19, 2019. Appellee read statements from the victims and reviewed its sentencing recommendation. Appellant apologized for his actions. The trial court sentenced appellant to an indefinite prison term of twenty-five years to life on Counts 4, 5, and 6 (rape with force), to be served concurrently, for a total prison sentence of twenty-five years to life.

{¶9} The trial court issued a sentencing entry on February 19, 2019, sentencing appellant to a total indefinite and mandatory prison term with a minimum of twenty-five years and a maximum term of life imprisonment. Appellant did not file a direct appeal.

{¶10} Appellant filed a motion to withdraw guilty plea on November 25, 2019 and argued his plea was not knowingly, intelligently, and voluntarily entered because the sentence was contrary to law. The trial court denied appellant's motion on November 25, 2019. The trial court noted the sentence was jointly recommended by the parties. Further, the trial court found the case cited by appellant, *McMullen*, was not applicable in this case, because the *McMullen* case involved a different crime than the ones to which appellant entered his guilty pleas. In this case, appellant pled guilty to three rape charges that included allegations that the victim of each of the offenses was under the age of thirteen and that he purposely compelled the victim to submit by force or threat of force;

thus, his sentence is governed by R.C. 2971.03(B)(1)(c), not R.C. 2971.03(B)(1)(b), the statute at issue in the *McMullen* case.

{¶11}  Counsel for appellant has filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that the within appeal was wholly frivolous and setting forth three proposed assignments of error:

{¶12}  "I. THE TRIAL COURT ERRED IN ACCEPTING MORRIS'S GUILTY PLEAS UNDER CRIM.R. 11.

{¶13}  "II. THE TRIAL COURT ERRED IN SENTENCING MORRIS.

{¶14}  "III. THE TRIAL COURT ERRED IN DENYING MORRIS'S MOTION TO WITHDRAW HIS PLEAS."

{¶15}  Appellant was given an opportunity to file a pro se brief raising additional assignments of error, and he has therein asserted as follows:

{¶16}  "IV. INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL."

{¶17}  In *Anders*, the United States Supreme Court held if, after a conscientious examination of the record, a defendant's counsel concludes the case is wholly frivolous, then he or she should so advise the court and request permission to withdraw.  *Id.* Counsel must accompany his or her request with a brief identifying anything in the record that could arguably support his client's appeal.  *Id.*  Counsel also must: (1) furnish his or her client with a copy of the brief and request to withdraw; and (2) allow the client sufficient time to raise any matters that the client chooses.  *Id.*  Once the defendant's counsel satisfies these requirements, the appellate court must fully examine the proceedings below to determine if any arguably meritorious issues exist.  If the appellate court also

determines that the appeal is wholly frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements, or may proceed to a decision on the merits if state law so requires. *Id.*

{¶18} Counsel in this matter has followed the procedure in *Anders*. We now will address the merits of the potential assignments of error.

{¶19} We will address appellant's proposed assignments of error out of order for ease of discussion.

II.

{¶20} In his second proposed assignment of error, appellant argues the trial court was not authorized to sentence him to twenty-five years to life in prison.

{¶21} We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for sentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659.

{¶22} Appellant argues his sentence is contrary to law. He cites *State v. McMullen*, 9th Dist. Summit No. 26850, 2015-Ohio-1631, for the proposition that he could not be sentenced pursuant to R.C. 2971.03(B)(1)(c) because he was not convicted of being a sexually violent predator, the victim was not under ten years of age, and there was no serious physical harm. We disagree with appellant.

{¶23}   In *State v. McMullen,* the appellant argued his sentence was contrary to law because he had not pleaded guilty or been convicted of being a sexually violent predator. The Ninth District found that the appellant could not be sentenced pursuant to R.C. 2971.03(A)(3)(d)(i) because he was not convicted of being a sexually violent predator. Further, pursuant to R.C. 2971.03(B)(1)(b), the correct sentence for the appellant was fifteen years to life, rather than twenty-five years to life.

{¶24}   However, *McMullen* is distinguishable from the instant case.  In *McMullen,* the appellant pled guilty to three counts of violating Section 2907.02(A)(1)(b) by engaging in sexual conduct with a minor under the age of ten.  In this case, appellant pled guilty to three counts of violating Section 2907.02(A)(1)(b) by engaging in sexual conduct with a minor under the age of thirteen, purposely compelling the victims to submit by force or threat of force.  Because of this distinction, appellant was not sentenced pursuant to either R.C. 2971.03(A)(3)(d)(i) or R.C. 2971.03(B)(1)(b), the statutes at issue in *McMullen.*

{¶25}   As the Ohio Supreme Court has recently discussed, when a trial court does not sentence a defendant convicted under R.C. 2907.02(A)(1)(b) to life without parole under R.C. 2907.02(B), R.C. 2971.03(B) provides three possible indefinite sentences that may be imposed instead:  10 years to life, 15 years to life or 25 years to life.  *State v. Bowers,* --Ohio St.3d --, 2020-Ohio-5167, ---N.E.3d ----.  R.C. 2971.03(B)(1) provides:

> [I]f the court does not impose a sentence of life without parole [under R.C. 2907.02(B)], the court shall impose upon the person an indefinite prison term consisting of one of the following:
>
> (a)  Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.

(b) If the victim was less than ten years of age, a minimum term of fifteen years and a maximum of life imprisonment.

(c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of that section, or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.

{¶26} Thus, there are three ways in which a twenty-five year to life sentence may be utilized by a trial court: use of force or threat of force in the commission of the offense; a prior conviction for rape of a child under 13; or serious physical harm caused to the victim of the offense. *State v. Bowers*, --Ohio St.3d --, 2020-Ohio-5167, ---N.E.3d ----. The use of force or threat of force must be alleged in the indictment and there must be a finding that the victim was compelled to submit by force. *Id.* Once an offender is found guilty of R.C. 2907.02(A)(1)(b), along with the specification that he or she purposely compelled the victim by force or threat of force, "R.C. 2971.03(B)(1)(c) mandates the imposition of an indefinite sentence of twenty-five years to life in prison, rather than R.C. 2971.03(B)(1)(a), which mandates a sentence of ten years to life." *State v. Hill*, 7th Dist. Belmont No. 18 BE 0037, 2019-Ohio-4079.

{¶27} In this case, the use of force was specifically included in the indictment. For each of the three charges appellant pled guilty to, the indictment provides, "appellant

purposely compelled [the victim] to submit by force or threat of force." During the appellee's recitation of facts during the plea hearing, she specifically stated appellant "used force" or "forced" the victim into the sexual act on each of the three rape charges. Also, at the plea hearing, the trial court made the finding of force, stating appellee, "did include force when she was describing these crimes." The trial court followed the joint sentencing recommendation of the parties. Pursuant to R.C. 2971.03(B)(1)(c), the twenty-five years to life sentence imposed by the trial court is authorized by law and not contrary to law, as appellant pled guilty to three counts of rape of a child under thirteen, with a force or threat of force specification.

{¶28} Based on the foregoing, we find appellant's sentence was not contrary to law. Appellant's second proposed assignment of error is overruled.

### I. & III.

{¶29} In appellant's first and third proposed assignments of error, appellant contends the trial court committed error in accepting his plea pursuant to Criminal Rule 11 and committed error in denying his motion to withdraw guilty plea. Specifically, appellant argues the plea was not made knowingly, intelligently, or voluntarily, because the sentence the trial court imposed was contrary to law.

{¶30} Ohio Criminal Rule 11 requires appellant's pleas of guilty be made knowingly, intelligently, and voluntarily. *State v. Rahman*, 5th Dist. Richland No. 13CA68, 2014-Ohio-5121. A review of the plea hearing demonstrates the trial court complied with the mandate of Criminal Rule 11 in accepting appellant's guilty pleas. The trial court explained to appellant all of his rights, the potential penalties, and the effect of entering the guilty pleas. During the plea colloquy, the trial court specifically reviewed with

appellant that the rape charges carried a penalty of a minimum prison term of twenty-five years and a maximum term of life in prison. After the exchange in which appellee explained the use of force finding was required for the mandatory twenty-five-year sentence jointly agreed to by the parties, the trial court asked appellant if he had any questions and whether he wanted to consult with his attorney. Appellant stated he had no questions and did not need to consult with his attorney. The trial court reviewed the plea form with appellant, including the jointly recommended sentence of twenty-five years to life. Appellant confirmed to the trial court he was pleading guilty to three rape charges, with force specifications, and two counts of gross sexual imposition. We find appellant's plea was knowingly, intelligently, and voluntarily made, in compliance with Criminal Rule 11.

{¶31} A motion to withdraw a plea of guilty may be made only before sentence is imposed; but to correct manifest injustice the court, after sentence, may set aside the judgment of conviction and permit the defendant to withdraw his or her plea. Criminal Rule 32.1. We review a trial court's denial of a post-sentence motion to withdraw plea for abuse of discretion. *State v. Wallace*, 5th Dist. Perry No. 18-CA00015, 2020-Ohio-565. Appellant has the burden of establishing manifest injustice warranting the withdrawal of a guilty plea. *Id.* Appellant contends manifest injustice exists because his sentence is contrary to law. As detailed above, appellant's sentence is not contrary to law. Accordingly, the trial court did not abuse its discretion in denying his motion to withdraw plea.

{¶32} Appellant's first and third proposed assignments of error are overruled.

IV.

{¶33} In his fourth proposed assignment of error, appellant argues his trial counsel was ineffective because counsel permitted appellant to plead guilty and agree to a sentence that is contrary to law.

{¶34} In order to prevail on a claim for ineffective assistance of counsel, the defendant must show (1) that counsel's performance was deficient and (2) that the deficient performance prejudiced the defense so as to deprive the defendant of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989). As detailed above, appellant's sentence is not contrary to law. Accordingly, appellant has not shown that counsel's performance was deficient or that the allegedly deficient performance deprived appellant of a fair trial. Appellant's fourth proposed assignment of error is overruled.

{¶35} Based on the foregoing, the proposed assignments of error are overruled, and, after independently reviewing the record, we agree with counsel's conclusion that no arguably meritorious claims exist upon which to base an appeal.

**{¶36}** Hence, we find the appeal to be wholly frivolous under *Anders,* grant counsel's request to withdraw, and affirm the judgment of Delaware County Court of Common Pleas.


By Gwin, J.,

Hoffman, P.J., and

Wise, Earle, J., concur