**[Cite as *State v. Mejia*, 2020-Ohio-6870.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
HURON COUNTY

State of Ohio                                           Court of Appeals No. H-19-017

      Appellee                                     Trial Court No. CRI 20180827

v.

Lucas Velasco Mejia                          **DECISION AND JUDGMENT**

      Appellant                                    Decided:  December 23, 2020

* * * * *

James Joel Sitterly, Huron County Prosecuting Attorney, and
Bambi S. Couch, Assistant Prosecuting Attorney, for appellee.

Brian A. Smith, for appellant.

* * * * *

**ZMUDA, P.J.**

## I.  Introduction

{¶ 1} Appellant, Lucas Mejia, appeals the judgment of the Huron County Court of

Common Pleas, sentencing him to 25 years to life in prison after he pled guilty to one

count of rape.  Because we conclude that appellant's sentence is contrary to law, we

reverse and remand this matter to the trial court for resentencing.

## A. Facts and Procedural Background

{¶ 2} On October 19, 2018, a three-count indictment was filed with the trial court, charging appellant with one count of rape in violation of R.C. 2907.02(A)(1)(b) and (B), a felony of the first degree ("Count 1"), one count of rape in violation of R.C. 2907.02(A)(1)(b) and (B) with a specification that appellant "purposely compelled the victim to submit by force or threat of force," a felony of the first degree ("Count 2"), and one count of sexual battery in violation of R.C. 2907.03(A)(5) and (B), a felony of the second degree ("Count 3"). The charges stemmed from sexual acts appellant perpetrated on a 12-year-old victim in August 2018.

{¶ 3} At his arraignment on October 22, 2018, appellant entered a plea of not guilty to the aforementioned charges, and the matter proceeded through pretrial discovery and motion practice. Following successful plea negotiations, appellant appeared before the trial court on March 21, 2019, for a plea hearing.

{¶ 4} At the plea hearing, the state informed the court that the parties reached an agreement whereby appellant would plead guilty to Count 1 in the indictment in exchange for the state's dismissal of Counts 2 and 3. Thereafter, the trial court engaged appellant in a thorough Crim.R. 11 colloquy and asked the state to recite the factual basis for the charge of rape.

{¶ 5} During the Crim.R. 11 colloquy, the trial court informed appellant that "the mandatory penalty in this case is that the Court would have to impose * * * a prison term

2.

of 25 years up to life." In explaining the factual basis for the rape charge to which appellant was pleading guilty, the state informed the court:

On August 18, 2018 through August 25, 2018, and then on August 26, 2018, the defendant in the course of conduct took [the victim], date of birth 4-5-2006 to Shelby in Richland County, Ohio, from her home located in Plymouth in Huron County, Ohio, to have sexual intercourse with her.

They're seen on video renting a room. He provides the hotel with his passport. The stepdaughter speaks fluent English and provides the innkeeper with all the information. They're seen going into a hotel room together, and a short time later leaving the hotel together.

On August 26, 2018, a neighbor of the defendant and of the victim had suspicions that the two were engaging in a sexual relationship. She observed the defendant and the victim leave their home and enter the woods behind their house. She followed these two into the woods to a spot where the footprints stopped and located a tied off condom filled with what she thought was semen. She collected the condom, turned it over to law enforcement and an investigation started.

The victim admitted she engaged in a sexual relationship with [appellant] since age of 11; that the sexual relationship was just vaginal penetration with his penis, and that a condom was always used. A SANE

exam was performed, a sexual assault examination was performed on the victim. The defendant's DNA was found inside the victim. The condom was sent to laboratory for DNA testing. The victim's DNA was located on the outside of the condom.

{¶ 6} At the conclusion of the Crim.R. 11 colloquy, the trial court confirmed with appellant that he signed the written plea form indicating his agreement to plead guilty to rape as contained in Count 1 of the indictment. The plea form, which is included in the record on appeal, reflects appellant's agreement to plead guilty to Count 1 in exchange for the dismissal of Counts 2 and 3 of the indictment. Moreover, the plea form reflects a mandatory sentence of 25 years to life under R.C. 2971.03(A)(3)(d)(i), a statutory section applicable to sexually violent offenders that the state, on appeal, concedes is irrelevant to the present case. Ultimately, the trial court accepted appellant's guilty plea and continued the matter for sentencing, which took place on April 17, 2019.

{¶ 7} At the sentencing hearing, the trial court considered the principles and purposes of sentencing under R.C. 2929.11, and balanced the seriousness and recidivism factors under R.C. 2929.12. Thereafter, the trial court stated: "As far as the prison sentence, the Court has no option in this case. The prison sentence is mandatory, and on Count 1, the offense of rape being a felony of the first degree, the Court would impose a 25 year to life prison sentence that is mandatory." The court went on to inform appellant that he would be classified as a Tier III sex offender as a result of his conviction and

4.

provided appellant with an explanation of the registration requirements attributable to that classification.

{¶ 8} Following the sentencing hearing, appellant filed a timely notice of appeal.

## B. Assignments of Error

{¶ 9} On appeal, appellant assigns the following errors for our review:

I. The failure of Appellant's trial counsel to file a Motion to Suppress constituted ineffective assistance of counsel in violation of Appellant's rights under Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution, rendering Appellant's guilty plea not knowingly, voluntarily, and intelligently entered.

II. Appellant's sentence was contrary to law.

III. The failure of Appellant's trial counsel to advocate for a lesser prison sentence for Appellant constituted ineffective assistance of counsel in violation of Appellant's rights under Article I, Section 10 of the Ohio Constitution and the Sixth and Fourteenth Amendments to the United States Constitution.

IV. Appellant's sentence was not supported by the record.

## II. Analysis

### A. Ineffective Assistance of Counsel

{¶ 10} In appellant's first assignment of error, he argues that his trial counsel's failure to file a motion to suppress prior to his plea constituted ineffective assistance of counsel and resulted in a guilty plea that was not knowingly, intelligently, and voluntarily entered.

{¶ 11} To demonstrate ineffective assistance of counsel, appellant must first show that trial counsel's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687-688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Because "effective assistance" may involve different approaches or strategies, our scrutiny of trial counsel's performance "must be highly deferential" with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), quoting *Strickland* at 689. Should appellant demonstrate her trial counsel's performance was defective, appellant must also demonstrate that prejudice resulted. *Bradley* at paragraph two of the syllabus.

{¶ 12} In order to satisfy the "prejudice" element for an ineffective-assistance claim following a guilty plea, "'the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 89, quoting *Hill v. Lockhart*, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d

6.

203 (1985). "In many guilty plea cases, the 'prejudice' inquiry will closely resemble the inquiry engaged in by courts reviewing ineffective-assistance challenges to convictions obtained through trial." *Hill* at 59. The United States Supreme Court has recognized, "defendants obviously weigh their prospects at trial in deciding whether to accept a plea." *Lee v. United States*, --- U.S. ----, 137 S.Ct. 1958, 1966, 198 L.Ed.2d 476 (2017). "Thus, 'when the defendant's decision about going to trial turns on his prospects of success and those are affected by the attorney's error – for instance, where a defendant alleges that his lawyer should have but did not seek to suppress an improperly obtained confession' – the defendant must show that 'he would have been better off going to trial.'" *State v. Willis*, 6th Dist. Wood No. WD-16-048, 2017-Ohio-8924, ¶ 12, quoting *Lee* at 1965. "Where an attorney error allegedly affects how a trial would have played out, [courts should] analyze that error's effects on a defendant's decisionmaking [sic] by making a prediction of the likely trial outcome." *Lee* at 1967, fn. 3.

{¶ 13} In the present case, appellant argues that he would not have entered a guilty plea but for trial counsel's ineffectiveness in failing to file a motion to suppress statements, including admissions of sexual intercourse with the victim, that he made during custodial interrogation without being first completely advised of his *Miranda* rights. In making his argument, appellant relies upon an August 27, 2018 recording of the interview of appellant at the Huron County Jail, as well as the August 27, 2018 reports of the Greenwich Police Department and Huron County Sheriff's Department. Notably, this evidence is not part of the record on appeal, having never been introduced

7.

by appellant below. Indeed, we previously ordered this evidence stricken from the record pursuant to a motion to strike filed by the state, and noted in our decision that we would not consider the supplemental materials containing said evidence in rendering our decision in this appeal.

{¶ 14} Because there is no evidence in the record to support appellant's assertion that he was deprived of his Fifth Amendment rights against self-incrimination when he was interviewed by law enforcement on August 27, 2018, we find that appellant cannot establish that his trial counsel acted incompetently in failing to file a motion to suppress on that basis. Therefore, we find that trial counsel was not deficient for failing to file a motion to suppress in this case. *State v. Gott*, 6th Dist. Lucas No. L-14-1066, 2015-Ohio-917, ¶ 28 (to prove ineffective assistance due to counsel's failure to file a motion to suppress, the record must support both a finding that the motion would have been granted and a finding that the absence of the motion prejudiced the appellant's case).

{¶ 15} In light of the foregoing, we find appellant's first assignment of error not well-taken.

### B. Sentencing Issues

{¶ 16} In his second assignment of error, appellant argues that his prison sentence of 25 years to life was contrary to law.

{¶ 17} Our review of felony sentences is governed by R.C. 2953.08(G)(2). Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, modify, or vacate and

8.

remand a sentence only if the record demonstrates, clearly and convincingly, either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant; or

> (b) That the sentence is otherwise contrary to law.

{¶ 18} Appellant does not challenge the trial court's findings under R.C. 2929.11, 2929.12, 2929.13, or 2929.14. Rather, appellant argues that his indefinite prison sentence of 25 years to life is contrary to law because it is not authorized under the sentencing statutes applicable to this case, as he was not convicted as a sexually violent offender under R.C. 2971.03(A), and there was no allegation or finding that appellant compelled the victim to submit by force or threat of force, or caused the victim serious physical harm, as required to trigger the mandatory minimum sentence of 25 years to life under R.C. 2971.03(B)(1)(c).

{¶ 19} At the plea hearing in this case, appellant pled guilty to one count of rape under R.C. 2907.02(A)(1)(b) and (B), which provides:

> (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

9.

＊ ＊ ＊

(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.

＊ ＊ ＊

(B) Whoever violates this section is guilty of rape, a felony of the first degree. * * * Except as otherwise provided in this division, notwithstanding sections 2929.11 to 2929.14 of the Revised Code, an offender under division (A)(1)(b) of this section shall be sentenced to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code. * * * If an offender under division (A)(1)(b) of this section previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of this section or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of this section, if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, or if the victim under division (A)(1)(b) of this section is less than ten years of age, in lieu of sentencing the offender to a prison term or term of life imprisonment pursuant to section 2971.03 of the Revised Code, the court may impose upon the offender a term of life without parole.

{¶ 20} Depending on the facts of each case, the foregoing statute authorizes a prison sentence of life in prison, life without parole, or a shorter indefinite sentence for

10.

offenders who are convicted of rape in violation of R.C. 2907.02(A)(1)(b). Recently, the Ohio Supreme Court explained that "[w]hen a trial court does not sentence a defendant convicted under R.C. 2907.02(A)(1)(b) to life without parole under R.C. 2907.02(B), R.C. 2971.03(B) provides three possible indefinite sentences that may be imposed instead: 10 years to life, 15 years to life, or 25 years to life." *State v. Bowers*, --- Ohio St.3d ----, 2020-Ohio-5167, --- N.E.3d ----, ¶ 5.[1]

{¶ 21} Because it did not impose a prison sentence of life without parole in this case, and since R.C. 2971.03(A) is inapplicable in this case, the trial court was required to impose a sentence authorized under R.C. 2971.03(B)(1)(a) through (c), which provides, in relevant part:

> (B)(1) * * * if a person is convicted of or pleads guilty to a violation of division (A)(1)(b) of section 2907.02 of the Revised Code committed on or after January 2, 2007, if division (A) of this section does not apply regarding the person, and if the court does not impose a sentence of life without parole when authorized pursuant to division (B) of section 2907.02 of the Revised Code, the court shall impose upon the person an indefinite prison term consisting of one of the following:

---

[1] In its brief, which was filed prior to the issuance of the decision in *Bowers* on November 10, 2020, the state acknowledged that *Bowers* was pending before the Ohio Supreme Court. Notably, the parties did not reference *Bowers* during the December 3, 2020 oral arguments in this case.

11.

(a) Except as otherwise required in division (B)(1)(b) or (c) of this section, a minimum term of ten years and a maximum term of life imprisonment.

(b) If the victim was less than ten years of age, a minimum of fifteen years and a maximum of life imprisonment.

(c) If the offender purposely compels the victim to submit by force or threat of force, or if the offender previously has been convicted of or pleaded guilty to violating division (A)(1)(b) of section 2907.02 of the Revised Code or to violating an existing or former law of this state, another state, or the United States that is substantially similar to division (A)(1)(b) of that section, or if the offender during or immediately after the commission of the offense caused serious physical harm to the victim, a minimum term of twenty-five years and a maximum of life imprisonment.

{¶ 22} Under this statutory framework, the default mandatory sentence is ten years to life under R.C. 2971.03(B)(1)(a) unless the provisions of R.C. 2971.03(B)(1)(b) or (c) are applicable. Because the victim in this case was 12 years old at the time of the offense, R.C. 2971.03(B)(1)(b) is inapplicable. Thus, the trial court's imposition of a prison sentence of 25 years to life is only proper if R.C. 2971.03(B)(1)(c) is applicable. Under that section, "there are three ways in which a twenty-five year to life sentence may be utilized by a trial court: use of force or threat of force in the commission of the offense; a prior conviction for rape of a child under 13; or serious physical harm caused

to the victim of the offense." *State v. Morris*, 5th Dist. Delaware No. 19 CAA 12 0069, 2020-Ohio-5361, ¶ 26. The state only argues that the use or threat of force element is applicable in this case.

{¶ 23} Under R.C. 2901.01, "force" is defined as "any violence, compulsion, or constraint physically exerted by any means upon or against a person or thing." The record contains no references to appellant's use or threat of force by the trial court, and the state concedes that the "record is silent as to use of the word 'force.'" The state argues that R.C. 2971.03(B)(1)(c) is applicable in this case notwithstanding the fact that the record is silent on the issue of force, because an inference of force may be drawn in cases involving the rape of a child under the Ohio Supreme Court's decisions in *State v. Eskridge*, 38 Ohio St.3d 56, 526 N.E.2d 304 (1988), and *State v. Dye*, 82 Ohio St.3d 323, 695 N.E.2d 763 (1998). "In that line of cases, a person may be convicted of rape with force under R.C. 2907.02(A)(2) without evidence of the express or overt threat of harm or without evidence of significant physical restraint, if the offender is in a position of authority over the victim." *In re T.W.*, 2018-Ohio-3275, 112 N.E.3d 527, ¶ 18 (8th Dist.), citing *Dye* at 329. "The element of force can be implied if the state demonstrates that the victim's will was overcome by fear or duress based on the offender's position of authority." *Id.*, citing *Dye* at 327. Relying upon these principles, the state argues that the trial court was not required to separately find that force was used or threatened here, because its finding of force was implicit in its imposition of a prison sentence of 25 years to life.

13.

{¶ 24} In *Eskridge*, a father was charged with, and convicted of, the rape of his four-year-old daughter. The indictment specifically alleged that Eskridge used force or the threat of force in the commission of the rape. *Eskridge* at 56. Under the version of R.C. 2907.02 that was applicable at the time, a life sentence was mandatory if Eskridge purposely compelled his daughter to submit by force or threat of force. After being ordered to serve a life sentence, Eskridge appealed and the matter proceeded to the Ohio Supreme Court, who accepted the appeal in order to address the issue of "whether there was substantial evidence presented at trial to prove that force or the threat of force was used in the commission of the rape." *Id*.

{¶ 25} In its decision, the Ohio Supreme Court reviewed the portions of the trial transcripts that were relevant to the use of force and concluded that "the child's testimony, the child's tender age, and the relationship of parental authority that defendant had with his four-year-old daughter" constituted "substantial evidence from which the trial court could have found beyond a reasonable doubt that Eskridge committed the act with force." *Id.* at 58. The court went on to explain that

> the victim testified that Eskridge removed her panties and there was
> testimony that he laid her on the bed – both acts of compulsion and
> constraint that are independent of the act of rape. The victim's testimony
> also expressed her revulsion at her father's conduct. Further, we note the
> age difference and disparity in size between Eskridge, a twenty-eight-year-
> old man, and the victim, a four-year-old child. A four-year-old child

cannot consent to sexual conduct. The victim here did not and could not have participated in the sexual conduct of her own free will.

*Id.*

{¶ 26} Ultimately, the Ohio Supreme Court recognized that coercion is inherent in the parent-child relationship and stated that "force need not be overt and physically brutal, but can be subtle and psychological." *Id.* at 58-59.

{¶ 27} Ten years after *Eskridge* was decided, the Ohio Supreme Court issued its decision in *Dye*. There, Dye, a 44-year-old non-relative and weekly caregiver of the nine-year-old victim, was indicted on five counts of rape and five counts of felonious sexual penetration, each with the specification that he had used or threatened force. Following a jury trial, Dye was convicted of all five counts of rape and three counts of felonious sexual penetration.

{¶ 28} On appeal to the Ohio Supreme Court, the issue was whether Dye could be convicted of raping the victim with force under R.C. 2907.02(A)(1)(b) and (B) "without evidence of express threat of harm or evidence of significant physical restraint." *Dye*, 82 Ohio St.3d at 326, 695 N.E.2d 763. In challenging his conviction, Dye argued that *Eskridge* was inapplicable due to the absence of a parent-child relationship. The Ohio Supreme Court rejected this distinction, stating that *Eskridge* was applicable in cases involving children and "an important figure of authority." *Id.* at 328. Thus, the court found that while Dye was not the victim's parent, he "stood in a position of authority over him" and "the evidence of psychological force is substantial." *Id.* The court also

15.

"recognize[d] that it is nearly impossible to imagine the rape of a child without force involved," but noted that "some amount of force must be proven beyond that force inherent in the crime itself" in order to prove the element of force necessary to sentence a defendant to life imprisonment. *Id.* In the final analysis, the court held that "a person in a position of authority over a child under thirteen may be convicted of rape of that child with force pursuant to R.C. 2907.02(A)(1)(b) and (B) without evidence of express threat of harm or evidence of significant physical restraint." *Id.* at 329.

{¶ 29} While instructive as to the state's burden of production at trial regarding the force element in rape case under R.C. 2907.02(A)(1)(b), the Ohio Supreme Court's decisions in *Eskridge* and *Dye* do not address the issue in this case. Here, we are presented with a more fundamental question: may a defendant who pleads guilty to rape under R.C. 2907.02(A)(1)(b) and (B) be sentenced to 25 years to life under R.C. 2971.03(B)(1)(c) when the indictment fails to include a specification that force was used in the commission of the rape, the record is silent as to the issue of force, and the trial court does not make a determination that force was used in the commission of the rape at the time of accepting the plea or sentencing the defendant? As to this question, *Eskridge* and *Dye* are silent. Indeed, both of those cases involved defendants whose indictments included force specifications, and the issue of force was litigated by the parties during trial.

{¶ 30} Recently, the Ohio Supreme Court issued its decision in *Bowers*, *supra*, --- Ohio St.3d ----, 2020-Ohio-5167, --- N.E.3d ----. There, a defendant who also pled guilty

to rape under R.C. 2907.02(A)(1)(b) and (B) was sentenced to 25 years to life in prison for rape under R.C. 2971.03(B)(1)(c) despite the absence of a specification in the indictment that the victim was compelled to submit by force or the threat of force. At sentencing, the trial court concluded that its only sentencing option for Bowers was a sentence of 25 years to life, and proceeded to impose that sentence without making any factual findings under R.C. 2971.03(B)(1)(c). *Id.* at ¶ 6.

{¶ 31} On appeal, the First District reversed the trial court's imposition of sentence, finding that the sentence was not authorized because "none of the prerequisites for such a sentence under R.C. 2971.03(B)(1)(c) – the use of force or the threat of force in the commission of the offense, a prior conviction for rape of a child under 13, or serious physical harm caused to the victim of the offense – was present." *Id.* at ¶ 10. The state appealed, and the Ohio Supreme Court accepted the appeal on two propositions of law, one of which raised the issue of whether a trial court must make an express finding of force when sentencing an offender convicted of raping a child under the age of ten to a term of 25 years to life in prison, when the record contains evidence of force. *Id.* at ¶ 11.

{¶ 32} In affirming the First District's judgment, the Ohio Supreme Court agreed with Bowers that "a sentence of 25 years to life under R.C. 2971.03(B)(1)(c) was not an option in the absence of a finding that the victim was compelled to submit by force or that one of the other factors under that provision was present." *Id.* at ¶ 17. The court further rejected the state's argument that R.C. 2971.03(B)(1)(c) does not require any

17.

express findings to be made so long as there is evidence of force in the record, because the court found that force is an element of the charged offense. *Id.* at ¶ 24.

{¶ 33} Subsequent to the Ohio Supreme Court's decision in *Bowers*, the Fifth District issued its decision in *Morris, supra*, 5th Dist. Delaware No. 19 CAA 12 0069, 2020-Ohio-5361, on November 19, 2020. There, the court examined *Bowers* and concluded that "the use of force or threat of force must be alleged in the indictment and there must be a finding that the victim was compelled to submit by force." *Morris* at ¶ 26. The court applied *Bowers* and found the imposition of a jointly recommended prison sentence of 25 years to life under R.C. 2971.03(B)(1)(c) was not contrary to law, because the use of force was "specifically included in the indictment," articulated by the state during its recitation of the facts at the plea hearing, and expressly found to be applicable by the trial court prior to sentencing. *Id.* at ¶ 27.

{¶ 34} Consistent with the reasoning articulated by the Ohio Supreme Court in *Bowers* and the Fifth District in *Morris*, we find that the trial court's prison sentence of 25 years to life under R.C. 2971.03(B)(1)(c) in this case was contrary to law. Our thorough review of the record reveals no mention of force by the court or the parties, either at the plea hearing or at the sentencing hearing. Moreover, like *Bowers* (and unlike *Morris*), the indictment here is silent as to the issue of force under Count 1. Notably, the indictment does contain a statement that appellant "purposely compelled the victim to submit by force or threat of force" in Count 2. However, appellant only pled guilty to

18.

Count 1 of the indictment, and thus the indictment language regarding force is inapplicable here.

{¶ 35} It appears from our review of the record that the trial court sentenced appellant to 25 years to life under the mistaken understanding that said sentence was mandatory under R.C. 2971.03(A)(3)(d)(i), as indicated on appellant's plea form. In its brief to this court, the state acknowledges that "[t]he requirement for a conviction under a sexually violent predator specification to enhance a sentence is found under O.R.C. 2971.03(A), which the State agrees has no applicability in this matter." *See also State v. Johnson*, 8th Dist. Cuyahoga No. 109127, 2020-Ohio-2947, ¶ 9 (noting that R.C. 2971.03(A) expressly applies to offenders convicted of sexually violent predator specifications while R.C. 2971.03(B) "makes no mention of a sexually violent predator specification and specifically applies to a person convicted under the child rape provision.").

{¶ 36} Because Count 1 of the indictment did not include a specification that appellant used or threatened force during the commission of the offense in this case, we conclude that R.C. 2971.03(B)(1)(c) is inapplicable, and thus appellant's prison sentence of 25 years to life founded upon that statutory section is contrary to law. Accordingly, we find appellant's second assignment of error well-taken.

{¶ 37} Our resolution of the second assignment of error in appellant's favor requires us to reverse appellant's sentence and remand this matter to the trial court to resentence appellant in accordance with R.C. 2907.02(B) and 2971.03(B)(1)(b).

19.

Consequently, appellant's remaining assignments of error are moot and we will not address them.

### III. Conclusion

{¶ 38} In light of the foregoing, the judgment of the Huron County Court of Common Pleas is reversed, and this matter is remanded to the trial court for resentencing. The costs of this appeal are assessed to the state under App.R. 24.

Judgment reversed<br>
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J. _____

Christine E. Mayle, J. _____

Gene A. Zmuda, P.J. _____
CONCUR.

_____
JUDGE

_____
JUDGE

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.