[Cite as *State v. Morris*, 2025-Ohio-22.]

COURT OF APPEALS
DELAWARE COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Andrew J. King, J. |
| -vs- | : | |
| | : | |
| DAVID R. MORRIS | : | Case No. 24 CAA 080048 |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:     Appeal from the Court of Common
Pleas, Case No. 18 CRI I 08 0460


JUDGMENT:     Affirmed


DATE OF JUDGMENT:     January 3, 2025


APPEARANCES:

For Plaintiff-Appellee

KATHERYN L. MUNGER
145 North Union Street, 3rd Floor
Delaware, OH  43015

For Defendant-Appellant

DAVID R. MORRIS, PRO SE
A756206
Pickaway Correctional Institution
11781 St. Rr. 762
Orient, OH  43146

*King, J.*

{¶ 1}   Defendant-Appellant David Morris appeals the July 9, 2024 judgment of the Delaware County Court of Common Pleas which denied Morris' motion to withdraw his guilty pleas. Plaintiff-Appellee is the State of Ohio. We affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

{¶ 2}   In August of 2018, the Delaware County Grand jury returned an indictment charging Morris with nine counts of rape, two counts of gross sexual imposition, one count of domestic violence, and one count of menacing by stalking.

{¶ 3}   On February 7, 2019, following plea negotiations with the state, Morris entered pleas of guilty to three counts of rape and two counts of gross sexual imposition. In return for Morris' pleas, the state agreed to dismiss the balance of the indictment. The parties then jointly agreed to a sentencing recommendation of a mandatory term of 25 years to life incarceration. The trial court issued a judgment entry finding appellant guilty and ordering a presentence report.

{¶ 4}   The trial court held a sentencing hearing on February 19, 2019. The State read statements from the victims and reviewed its sentencing recommendation. Morris apologized for his actions. The trial court sentenced Morris to an indefinite prison term of twenty-five years to life on Counts 4, 5, and 6 of the indictment (rape with force), to be served concurrently, for a total prison sentence of twenty-five years to life.

{¶ 5}   The trial court issued its sentencing entry on February 19, 2019, sentencing appellant to a total indefinite and mandatory prison term with a minimum of twenty-five years and a maximum term of life imprisonment. Morris did not file a direct appeal. Instead, on November 25, 2019, Morris filed a motion to withdraw his guilty pleas and

argued his pleas were not knowingly, intelligently, and voluntarily entered because the sentence was contrary to law. The trial court denied Morris' motion on November 25, 2019.

{¶ 6} On appeal, counsel for Morris filed a motion to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), indicating that the within appeal was wholly frivolous. This court agreed, granted counsel's request to withdraw, and affirmed the judgment of Delaware County Court of Common Pleas.

{¶ 7} Since that time, Morris has filed five additional motions to withdraw his pleas, all of which the trial court has denied. His most recent motion to withdraw his pleas was filed July 5, 2024. On July 9, 2024, the trial court denied the motion.

{¶ 8} Morris timely filed an appeal of the trial court's July 9, 2024 denial of his motion to withdraw his pleas. He additionally filed a motion for delayed appeal as to the trial court's February 7, 2019 judgment. We denied that motion. The present appeal therefore pertains only to the trial court's July 9, 2024 judgment. Morris raises five assignments of error as follow:

I

{¶ 9} "THE COURT ABUSED ITS DISCRETION BY NOT ORDERING A HEARING AND ALLOWING THE LITIGATION ON THE MOTION TO WITHDRAW AS WELL DENYING THE MOTION ON THE SAME DAY IT WAS RECEIVED."

II

{¶ 10} "THE COURT DID NOT HAVE THE INHERENT AUTHORIZATION FROM O.R.C. 2907.02(B) TO AUTHORIZE USE OF O.R.C. 2907.03(B) AS A SENTENCING STATUTE."

III

{¶ 11} "THE COURT FAILED TO ADHERE TO THE LAW (O.R.C. 2971.03(E) WHEN IT OFFERED THE DEFENDANT AN ILLEGAL AGREED UPON PLEA (CONTRACT) AGREEMENT OF A CONCURRENT 25 TO LIFE SENTENCE, THEREFORE CAUSING A "CONTRARY TO LAW" SENTENCE."

IV

{¶ 12} "THE COURT BREACHED THE PLEA AGREEMENT WHEN IT ALLOWED THE STATE OF OHIO TO "ORALLY" ALTER THE PLEA AGREEMENT DURING THE PLEA COLLOQUY."

V

{¶ 13} "DEFENSE COUNSEL DID NOT MEET THE STANDARDS OF HIS OATH AND THE STATE OF OHIO LEVELS OF EFFECTIVE COUNSEL IN ACCORDANCE WITH THE OHIO RULES OF PROFESSIONAL CONDUCT."

I

{¶ 14} Morris' first assignment of error is rather nebulous as the caption does not seem to have anything to do with the argument that follows. The caption indicates the trial court abused its discretion by failing to hold a hearing on Morris' motion to withdraw his plea and by denying the motion the same day it was filed. The argument that follows appears to raise a newly-discovered evidence argument which Morris then states is "an argument for another appeal." Brief of Appellant at 10. Morris did not present any newly discovered evidence with his motion.

{¶ 15} As to the failure to hold a hearing, our review of a trial court's decision under Crim.R. 32.1 is limited to a determination of whether the trial court abused its discretion. *State v. Caraballo*, 17 Ohio St.3d 66 (1985). "Abuse of discretion" means an attitude that is unreasonable, arbitrary or unconscionable. *Huffman v. Hair Surgeon, Inc.*, 19 Ohio St.3d 83, 87 (1985). Most instances of abuse of discretion will result in decisions that are simply unreasonable, rather than decisions that are unconscionable or arbitrary. *AAAA Ent., Inc. v. River Place Community Urban Redev. Corp.*, 50 Ohio St.3d 157, 161 (1990). An unreasonable decision is one backed by no sound reasoning process which would support that decision. *Id.* "It is not enough that the reviewing court, were it deciding the issue de novo, would not have found that reasoning process to be persuasive, perhaps in view of countervailing reasoning processes that would support a contrary result." *Id.*

{¶ 16} A defendant is not automatically entitled to an evidentiary hearing on a post-sentence motion to withdraw a guilty plea. A hearing is not required if the "record indicates that the movant is not entitled to relief and the movant has failed to submit evidentiary documents sufficient to demonstrate a manifest injustice." *State v. Russ*, 8th Dist. No. 81580, 2003-Ohio-1001, ¶ 12.

{¶ 17} Our review of the record indicates Morris' motion was simply a repeat of his previous grounds to withdraw his pleas which he made in four prior motions and on same grounds that this Court addressed in *State v. Morris,* 2020-Ohio-5361 (5th Dist.). Morris was therefore not entitled to a hearing on his motion.

{¶ 18} The first assignment of error is overruled.

II, III, IV, V

{¶ 19} In his second and third assignments of error, Morris argues the state was without authority to sentence him and failed to adhere to law when it offered him an illegal agreed upon plea agreement causing a sentence that was contrary to law. In his fourth assignment of error, Morris argues the trial court breached the plea agreement by allowing the state to orally alter the plea agreement. In his fifth assignment of error, Morris argues his trial counsel rendered ineffective assistance by permitting him to illegally sign away his rights.

{¶ 20} Each of these arguments could have been raised in a direct appeal or were addressed in *State v. Morris*, 2020-Ohio-5361 (5th Dist.) and are therefore barred from consideration in the instant matter. Under the doctrine of res judicata, "[a] final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment." *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), paragraph nine of the syllabus. Accordingly, Morris' second, third, fourth, and fifth assignments of error are overruled.

{¶ 21} The judgment of the Delaware County Court of Common Pleas is affirmed.

By King, J.,

Hoffman, P.J. and

Baldwin, J. concur.

[Cite as *State v. Morris*, 2025-Ohio-22.]